1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY M. BLACKWELL,

11            Petitioner,              No. CIV S-06-1876 RRB GGH P

12        vs.

13   RODERICK Q. HICKMAN,

14            Respondent.              ORDER

15   _____/

16   ANTHONY M. BLACKWELL,

17            Petitioner,              No. CIV S-10-2316 RRB GGH P

18        vs.

19   JAMES WALKER,

20            Respondent.              ORDER

21   _____/

22            Petitioner in both cases, a state prisoner proceeding pro se, has filed an application

23   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The above two cases have been

24   consolidated.  Respondent filed an answer on August 9, 2011, and petitioner filed a reply on

25   September 7, 2011.  Presently pending is petitioner's motion for an evidentiary hearing filed on

26   September 7, 2011, in case 06-cv-1876.  Petitioner seeks an evidentiary hearing to develop facts

1

1    regarding his claims in the instant petition.

2           The Unites States Supreme Court recently addressed evidentiary hearings in

3    Cullen v. Pinholster, --- U.S. ---- 131 S.Ct. 1388 (2011).  The majority holding on the propriety

4    of evidentiary hearings, with five justices joining in the majority opinion, provided: "We now

5    hold that review under § 2254(d)(1)[1] is limited to the record that was before the state court that

6    adjudicated the claim on the merits."  Cullen at 1398.  Further emphasis for the holding appears

7    throughout the opinion: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1)

8    review."  See also: "[E]vidence later introduced in federal court is irrelevant to § 2254(d)(1)

9    review."  Id.  There is no ambiguity in these holdings.

10          In the course of adjudicating the subsection (d)(1) issue, the Supreme Court was

11   *unanimous* in its discussion that § 2254(d)(2) (see footnote 1 above) was clear in limiting the

12   evidence on review to that put before the state courts.  The dissent viewed the explicit reference

13   to the § 2254(d)(2) [review of state court decisions based on an unreasonable factual

14   determination] as a reason to distinguish its explicit language limiting review to the state court

15   record[2] to the situation presented by (d)(1) which did not contain the explicit language.  Cullen

16   (dissent) at 1415-1416.  In answering this point, the majority agreed that the explicit language of

17   (d)(2) made that section easy to interpret as precluding federally developed evidence, but held

18   that the explicit language did not mean that (d)(1) was open to any and all federally developed

19   evidence.  Id. at 1400 (n.7) (emphasis added):

20

21   _____

22         [1] 28 U.S.C. § 2254(d) provides: (d) An application for a writ of habeas corpus on behalf of
     a person in custody pursuant to the judgment of a State court shall not be granted with respect to any
23   claim that was adjudicated on the merits in State court proceedings unless the adjudication of the
     claim–
24   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
     established Federal law, as determined by the Supreme Court of the United States; or
25   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the
     evidence presented in the State court proceeding.

26         [2] "in light of the evidence presented in the State court proceeding"

Pinholster and Justice SOTOMAYOR place great weight on the fact that § 2254(d)(2) includes the language "in light of the evidence presented in the State court proceeding," whereas § 2254(d)(1) does not. See post, at 1415 - 1416. The additional clarity of § 2254(d)(2) on this point, however, does not detract from our view that § 2254(d)(1) *also* is plainly limited to the state-court record.

The undersigned repeats for emphasis: "§ 2254(d)(1) *also* is limited to the state-court record." Clearly the word "also" means that *both* §§ 2254(d)(1) and 2254(d)(2) are limited to the state court record where the state court made an "adjudication on the merits," § 2254(d). There can be no other meaning placed on the word "also" as it can only indicate both subsections.

Thus, in habeas cases where the state courts have made an "adjudication on the merits" with respect to particular issues, previous rulings by the circuit and district courts permitting federal factual development on such issues prior to a resolution of those issues initially on the state court record have been abrogated.[3]

Because all of the claims in the instant case were decided on the merits in state court proceedings, no evidentiary hearing is appropriate regarding any of the claims.[4] This court will only look to evidence that was before the state courts. The only claim in the instant petition that the California Supreme Court did not deny on the merits was a claim in which petitioner already received habeas relief by a lower court where his robbery convictions were vacated and he has already been re-sentenced.[5] Discovery is therefore not appropriate.

---

[3] Evidentiary hearings are not precluded for issues which have *not* been decided on the merits in state court. For example, where the issue had been decided in state court on procedural grounds, or where the federal issue had not been fully reached because of a threshold, substantive legal error, the limitations of (d)(1) and (d)(2) do not apply.

[4] Nor will an assertion – that because the state record was incomplete, there was no adjudication on the merits – operate to avoid the <u>Cullen</u> holding. <u>Atkins v. Clarke</u>, 642 F.3d. 47 (1st Cir. 2011). An adjudication on the merits is just that regardless of one's view on the completeness of the record on which the ruling was made.

[5] The California Supreme Court denied this claim with a citation to <u>In re Miller</u>, 17 Cal.2d 734 (1941), which stands for the notion that a court shall not review a claim that has been previously adjudicated.

1       In accordance with the above, IT IS HEREBY ORDERED that petitioner's

2   motion for an evidentiary hearing (Doc. 29 in 06-cv-1876) is denied.

3   DATED: September 29, 2011

4                                    /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

5   GGH:AB
    blac2316.ord4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26